The document below is hereby signed.

Signed: January 25, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMASINA M PORTIS, | ) | Case No. 18-00005 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

## MEMORANDUM DECISION AND ORDER TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED FOR FAILURE TO OBTAIN CREDIT COUNSELING

The debtor, Thomasina Portis, filed a certificate of credit counseling showing that she received credit counseling as power of attorney for Margaret W. Davis. The issue is whether the debtor can meet the prepetition credit counseling requirements of 11 U.S.C. § 109(h) by obtaining credit counseling as an agent for another debtor. For the reasons stated below, I hold that she cannot.

The debtor filed for bankruptcy on January 3, 2018. On that same day she filed a certificate of credit counseling that certified that ""Margaret W. Davis By POA Thomasina Portis" received credit counseling on November 20, 2017. This showed that while the debtor had obtained credit counseling within 180 days prior to filing for bankruptcy, that credit counseling was

for the financial situation of another, not her own.

The issue is whether the debtor's taking prepetition credit counseling for Ms. Davis qualifies her as a debtor under § 109(h).  To resolve this issue, the court must decide wether the prepetition credit counseling under § 109(h) requires only a generalized credit counseling briefing, or whether such credit counseling must be specific to the debtor's own financial situation.  Section 109(h) does not clearly answer this question.  The statute requires specifically:

> an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).  The statute only says that the credit counseling may be an individual or group briefing, must outline the available credit counseling and assistance available to the debtor and perform a "related" budget analysis.  That the briefing can be done individually or in a group strongly indicates a general requirement of available credit counseling options and budget analysis.  However, that word "related," while possibly indicating a budget analysis related to general financial difficulty, could also indicate that each individual debtor should have a budget analysis done on their own individual

financial situations.

To find more clarity, the court must turn to 11 U.S.C. § 111, where the minimum qualifications of a credit counseling agency are laid out.  Under § 111(c)(1), a credit counseling agency must demonstrate that it will "provide adequate counseling with respect to client credit problems" to be approved by the U.S. Trustee to provide the services of § 109(h).  Further, § 111(c)(2) requires an agency to provide at minimum "adequate counseling with respect to a client's credit problems that includes an analysis of such client's current financial condition, factors that caused such financial condition, and how such client can develop a plan to respond to the problems without incurring negative amortization of debt."  Section 111 indicates that the credit counseling briefing would look at an individual debtor's individual financial situation, the causes leading to that specific debtor's financial difficulties, and possible solutions to address those financial difficulties that would not incur "negative amortization of debt."

The Executive Office for Unite States Trustees took this view of credit counseling when it published rules for prepetition credit counseling.  28 C.F.R. § 58.12(b)(12), which defines credit counseling, provides:

> (12) The term "counseling services" means all counseling required by 11 U.S.C. 109(h) and 111, and this part including, without limitation, services that are typically of at least 60 minutes in duration and that

>     shall at a minimum include:
>
>> (I) Performing on behalf of, and providing to, each client a written analysis of that client's current financial condition, which analysis shall include a budget analysis, consideration of all alternatives to resolve a client's credit problems, discussion of the factors that caused such financial condition, and identification of all methods by which the client can develop a plan to respond to the financial problems without incurring negative amortization of debt; and
>>
>> (ii) Providing each client the opportunity to have the agency negotiate an alternative payment schedule with regard to each unsecured consumer debt under terms as set forth in 11 U.S.C. 502(k) or, if the client accepts this option and the agency is unable to provide this service, the agency shall refer the client to another approved agency in the appropriate federal judicial district that provides it.

Each debtor is supposed to get a personalized briefing that discusses that specific debtor's financial situation, what caused it, and methods that the debtor may use to get out of financial trouble. Additionally, the counseling must provide the debtor an opportunity to have the agency develop an alternative payment schedule for unsecured consumer debt. Such an opportunity would be impossible if the debtor attended a generalized briefing, or as an agent for another individual. Therefore, a debtor must obtain credit counseling for the debtor, not for someone else.

The debtor has attended prepetition credit counseling, but that credit counseling was on behalf of Ms. Davis. Hence, the credit counseling would have been focused on the financial situation and options for Ms. Davis, not the debtor. The debtor

did not have the benefit of a discussion regarding how she got into financial difficulty or identify methods of getting out of such financial difficulty.  Additionally, the debtor did not have the option of having the agency develop an alternative payment schedule for any unsecured consumer debts the debtor may have.[1] Therefore, the credit counseling that the debtor received does not satisfy the prepetition credit counseling required under § 109(h), and the debtor is not eligible to be a debtor in a bankruptcy case.

It is thus

ORDERED that the deficient certificate of credit counseling (Dkt. No. 5) is stricken.  It is further

ORDERED that within 14 days after the entry of this order the debtor shall file a certificate of credit counseling showing she obtained prepetition credit counseling regarding her own finances or a writing showing cause why this case ought not be dismissed for the debtor's failure to show that she qualifies as a debtor under § 109(h).

[Signed and dated above.]

Copies to: All entities on the BNC mailing list.

---

[1] The debtor has not filed her schedules to indicate whether she has any consumer debts.

5